IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURIE SWEIGARD                    :        CIVIL ACTION
                                   :
     v.                            :
                                   :
CHOICE SERVICES INTERNATIONAL,     :
et al.                             :        02-CV-2755

### DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1 - 3.    Admitted.

4 - 6.    Denied.

7 - 8.    Denied as conclusions of law which require no response.

9.        Denied


### JURISDICTION AND VENUE

10 - 11.    Denied as conclusions of law which require no response.

12.    Denied.    After    reasonable    investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.    Strict proof thereof is demanded at trial.

13.    Denied as a conclusion of law which requires no response.

## FACTS OF THE CASE

14.      Admitted.

15 -16.    Denied.

17.      Admitted.

18.      Admitted.

19.      Denied.


## THE RACE BASED PROMOTIONS

20.      Denied.

21.      Admitted.

22 - 25.   Denied.

26.      Denied as a conclusion of law which requires no

response.


## DISPARATE TREATMENT WITH RESPECT TO WAGES

27.      Denied.

## RETALIATION FOR OPPOSING DISCRIMINATION

28 - 30.   Denied.   After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.   Strict proof thereof is demanded at trial.

30.1.     Admitted.

31.       Denied.    After    reasonable    investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.   Strict proof thereof is demanded at trial.

32.       Denied.

33.       Denied.    After    reasonable    investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.   Strict proof thereof is demanded at trial.

34 - 37.   Denied.

38.       Denied.    After    reasonable    investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.   Strict proof thereof is demanded at trial.

3

39 - 40.    Denied.

41.        Admitted.

42 - 43.    Denied.

44.        Denied.    After    reasonable    investigation
Defendants are without knowledge or information sufficient to form
a belief as to the truth of the averments in the corresponding
paragraph, and therefore those allegations are denied.    Strict
proof thereof is demanded at trial.

45.        Denied.

46.        Admitted.

47.        Denied.    After    reasonable    investigation
Defendants are without knowledge or information sufficient to form
a belief as to the truth of the averments in the corresponding
paragraph, and therefore those allegations are denied.    Strict
proof thereof is demanded at trial.

48.        Admitted.

### COUNT I
(Discrimination in Violation of Title VII, § 1981 and § 1981a)

49.        Defendants    incorporate    herein    by    reference
paragraphs 1 through 48 above.

50 - 51.    Denied as a conclusion of law which requires no
response.

52.        Denied.    After    reasonable    investigation

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.  Strict proof thereof is demanded at trial.

53.    Denied as a conclusion of law which requires no response.

54.    Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff together with all costs of suit including attorneys' fees.

## COUNT II
### (Discrimination in Violation of the PHRA)

55.    Defendants incorporate herein by reference paragraphs 1 through 54 above.

56.    Denied as a conclusion of law which requires no response.

57 - 58.  Denied.

59.    Denied as a conclusion of law which requires no response.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff together with all costs of suit including attorneys' fees.

## COUNT III
(Unlawful Retaliation)

60.     Defendants incorporate herein by reference paragraphs 1 through 59 above.

61.     Denied.

62.     Denied as a conclusion of law which requires no response.

63.     Denied as a conclusion of law which requires no response.

64 - 65.  Denied.

66.     Denied as a conclusion of law which requires no response.

67 - 70.  Denied.

71.     Denied.   After  reasonable  investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the corresponding paragraph, and therefore those allegations are denied.   Strict proof thereof is demanded at trial.

72.     Denied as a conclusion of law which requires no response.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff together with all costs of suit including attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

Counts I through III of Plaintiff's Complaint fail to

6

state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie claim of discrimination or retaliation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which punitive damages can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her purported damages, which damages Defendants explicitly deny.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any recoverable damages, because no conduct of Defendants caused Plaintiff to sustain any damages or loss.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for compensatory or punitive damages under the provisions of Title VII of the Civil Rights Act of 1964 as enacted at the time of the purported incidents about which Plaintiff complains in her Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

In the event that the provisions of the Civil Rights Act

of 1991 are found applicable to this proceeding, Plaintiff's claims for compensatory and punitive damages are subject to the limitations set forth at 42 U.S.C. §1981a.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by reason of her failure to engage in good faith in the conciliation process mandated by the provisions of 42 U.S.C. §2000e-5.

### TENTH AFFIRMATIVE DEFENSE

This action is barred with respect to any claim which was not made part of a charge timely filed with the Equal Employment Opportunity Commission and/or Pennsylvania Human Relations Commission.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants deny that any conduct occurred which was in violation of Title VII of the Pennsylvania Human Relations Act, but if such a violation did occur, which Defendants explicitly deny, then such a violation occurred outside Plaintiff's scope of employment and without Defendants' actual or constructive knowledge.

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred with respect to any purported conduct occurring more than 300 days prior to the filing of Plaintiff's charges of discrimination with the EEOC, and barred with respect to any purported conduct occurring more than 180 days

prior to the filing of Plaintiff's charges of discrimination with the Pennsylvania Human Relations Commission, which conduct Defendants explicitly deny.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Pennsylvania Comparative Negligence Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all material times hereto, Defendants acted in a proper, lawful and reasonable manner and with due care and in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

No acts or omissions on Defendants' part (which conduct, as alleged by Plaintiff, is explicitly denied) could be considered as outrageous, wanton or malicious; accordingly, Plaintiff's request for punitive damages has no place under the law of the United States of America or the law of the Commonwealth of Pennsylvania.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable provisions of the Pennsylvania Workers' Compensation Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants performed each and every duty allegedly owed to Plaintiff and breached no duty allegedly owed to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted for mental anguish or emotional distress, which purported harm Defendants explicitly deny, because, <u>inter</u> <u>alia</u>, it fails to allege that Plaintiff suffered any physical manifestation of the alleged distress or required any medical psychiatric or psychological treatment.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants acted at all times reasonably and prudently, consistent with any and all duties or obligations imposed upon them by law or otherwise.

**TWENTIETH AFFIRMATIVE DEFENSE**

At no time did Defendants violate any provisions of the civil rights laws of the United States of America.  On the contrary, at all times material hereto, Defendants consciously and effectively complied with the rules and regulations of all statues relating to the civil rights laws of the United States of America.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

At all times material hereto, Defendants acted with good faith and with fair dealing.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants reserve the right to raise other defenses as continuing investigation and discovery may reveal.

10

## COUNTERCLAIM

     1.   Defendants incorporate herein by reference the averments stated in their Answer and Affirmative Defenses to Plaintiff's Complaint.

     2.   Plaintiff's Complaint was brought in bad faith, because the allegations therein of misconduct by Defendants were untrue and known by Plaintiff to be untrue when they were made.

     3.   Therefore, pursuant to 43 P.S. §959(f.2), Defendants are entitled to attorney fees and costs.

     WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, together with all costs of suit including attorneys' fees.

MARGOLIS EDELSTEIN

BY:    _____
PETER D. BLUDMAN, ESQUIRE
Attorney I.D. No. 43508
Attorney for Defendants
4th Floor, The Curtis Center
Independence Square West
Philadelphia, PA 19106
(215) 931-5879

DATED: _____

M:\MDir\41282\0005\Answer.02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURIE SWEIGARD                          :        CIVIL ACTION
                                         :
        v.                               :
                                         :
CHOICE SERVICES INTERNATIONAL,           :
et al.                                   :        02-CV-2755

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses in the above captioned matter, was served on all counsel listed below via United States First Class Mail, postage prepaid, on the date shown below.

Joseph A. Hirsch, Esquire
**HIRSCH & HIRSCH**
110 Bala Avenue, Third Floor
Bala Cynwyd, PA 19004


                                    MARGOLIS EDELSTEIN


                            BY:   _____
                                  PETER D. BLUDMAN, ESQUIRE
                                  Attorney for Defendants



DATED:_____

M:\MDir\41282\0005\Answer.02