**Joseph A. Hirsch, Esq.**
**Atty. Id. No. 66640**
**HIRSCH & HIRSCH**
**110 Bala Avenue**
**Third Floor**
**Bala Cynwyd, Pennsylvania 19004**
**Telephone (610) 660-9955**                **Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE E. SWEIGARD** | : | |
| Plaintiff | : | **CIVIL ACTION NO.** |
| | : | **02-2755** |
| V. | : | |
| | : | |
| **CHOICE SERVICES INTERNATIONAL, INC., ET AL** | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S SECOND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
<u>AND FOR ATTORNEYS FEES AND COSTS</u>**

1. Plaintiff's First Request for Production of Documents was served on the Defendants via first class mail on June 20, 2002.

2. On September 6, 2002, Plaintiff filed a Motion to Compel Answers to Interrogatories and Production of Documents.

3. On September 9, 2002, Plaintiff received Defendants' objections and partial responses to her interrogatories and document requests.

4. On September 10, 2002, this Court entered an Order compelling the Defendants to serve full and complete answers

     to Plaintiff's interrogatories and to produce all documents responsive to Plaintiff's requests within ten (10) days. Although the Court denied Plaintiff's request for attorneys fees and costs at that time, the Court stated that if the Defendants failed to timely comply with its Order, Plaintiff was permitted to renew her request for attorneys fees and costs and they would be awarded at that time.

5. The Defendants have failed to fully comply with this Court's Order dated September 10, 2002, and Plaintiff renews her request for attorneys fees and costs.

6. The following is a list of the pertinent document requests served June 20, 2002, and Defendants' responses thereto:

> "6. All documents relating to the defendant's investigation of the conduct of Plaintiff and her termination in or about September through October 2000.
>
> Response:
>
> "See Defendants' Answer to Plaintiff's PHRC Complaint and the documents attached thereto, together with the "data and documents" filed by Defendants with the PHRC pursuant to 16 Pa. Code § 42.43."
>
> "7. All documents or records in the possession or control of Defendant concerning any investigations related to Plaintiff's complaints about discrimination or retaliation.
>
> Response:
>
> "See No. 6 above."
>
> . . .

    "11. Any and all documents that relate to the allegations of discrimination and retaliation made by Laurie E. Sweigard against Defendant.

    Response:

    "See No. 6 above."

7. When they served their responses to Plaintiff's First Request for Production of Documents, the Defendants raised no objections to the pertinent requests, and failed to disclose that they were withholding four documents as required pursuant to Rule 26(b)(5), yet they failed to produce, and still refuse to produce four documents responsive to Plaintiff's requests.

8. By letters dated September 15, 2002 and September 17, 2002, Plaintiff's counsel specified interrogatories and document requests which had not been adequately answered. (Exhibits A & B).

9. In the letter dated September 17, 2002 (Exhibit B), Plaintiff's counsel specifically requested the production of a memorandum dated 10/10/00 from Defendants' CEO, Carolyn Eberwein, to Defendants Director of Human Resources, Janet Haag. This memo was referenced in another memo from Janet Haag to Carolyn Eberwein dated 10/12/00 that was previously produced by the Defendants. A true and correct copy of the October 12, 2000 memo from Haag to Eberwein is attached hereto as Exhibit C.

10. On September 20, 2002, Defense counsel faxed a letter to

3

Plaintiff's counsel (dated September 19, 2002) supplementing certain answers and committing to provide certain additional documents and information. (Exhibit D).  In said letter (Exhibit D), Defendants for the first time objected to producing said memo dated 10/10/00 under Fed.R.Civ.P. 26(b)(3), asserting that the memo was prepared in anticipation of litigation.  Defendants also identified three additional documents they were withholding on the same basis.

11. The Defendants' belated assertion of the privilege in defense counsel's letter dated September 19, 2002 is as follows:

> "Defendants do have certain documents relating to the problems with Plaintiff, but Defendants object to the production of these documents under Fed.R.Civ.P. 26(b)(3) because they were prepared in anticipation of litigation and plaintiffs have not shown that they have substantial need for them.  Pursuant to Fed. R. Civ. P. 26(b)(5) Defendants identify those documents as follows:
> 9/29/00   - 10/3/00 notes of J. Haley
> 10/10/00  - Eberwein Memo to Haag
> 10/12/00  - Haag memo to Eberwein
> 10/27/00  - Haag notes"

(Exhibit D).[1]

---

[1] The Defendants have already voluntarily produced to Plaintiff and the PHRC memos that seem to meet the descriptions of two of the documents as to which Defendants now claim the work product privilege: "9/29/00 - 10/3/00 notes of J. Haley" and "10/12/00  - Haag memo to Eberwein."  These documents were attached as exhibits to Defendants' Answer to the Complaint filed with the PHRC.  It is not clear to Plaintiff if there are additional documents being withheld

4

12. The Defendants' assertion of the privilege is untimely and contrary to the Order dated September 10, 2002 compelling production of all documents responsive to Plaintiff's requests.

13. Defendants Responses to Requests for Production (received on September 9, 2002) fail to raise the objection and assert the privilege as required under Rule 26(b)(5). Defendants failed to assert the privilege until ten (10) days after this Court entered an Order compelling production of all documents responsive to Plaintiff's requests, only after Plaintiff pointed out to Defendants that they had failed to produce one of the documents.

14. Defendants' assertion of the privilege is further defective in that it fails to provide an adequate basis on which the claim of privilege can be evaluated.

15. Accordingly, any alleged privilege has been waived.

16. Even if it is held that the Defendants have not waived the privilege, Plaintiff disputes the claim that the documents in question properly qualify as trial preparation materials under Rule 26(b)(3).

17. Three of the four documents in question predate Plaintiff's

---

that meet the same description. If these are the same documents, Plaintiff's position is that by filing them with the PHRC as part of their Answer and sending them to Plaintiff, any alleged privilege was waived.

    termination, and predate the alleged final incident that resulted in Plaintiff's termination, accordingly, unless Plaintiff's termination was planned even before the final incident of alleged insubordination, no litigation should have been foreseeable relating to her termination. The fourth document, dated 10/27/00, predates the filing of Plaintiff's Complaint with the Pennsylvania Human Relations Commission and the E.E.O.C. If the privilege has not been waived, Plaintiff submits that in camera review would be appropriate to evaluate the claim that these documents were trial preparation materials.

18. Finally, even if it is found that the privilege has been properly and timely preserved, and that the documents in question fall within the protection of Rule 26(b)(3), Plaintiff should be entitled to production of the documents in question because, there is a substantial need for them. The documents in question will likely lead to the discovery of admissible evidence concerning, inter alia, the Defendants' true motivation for Plaintiff's termination, Defendants' knowledge of the civil rights laws, Defendants' knowledge concerning the Plaintiff's opposition to unlawful discrimination, and pretext, and Plaintiff is unlikely to have any other reliable source for such information.

19. If the documents in question relate to the concealment of the Defendants' true motivations for Plaintiff's

    termination, such efforts might evidence an attempt to perpetrate a fraud on the Court, and do not warrant protection as Work Product.

20. Plaintiff respectfully submits that this Motion was necessitated by the Defendants' failure to comply with her discovery requests in the first instance, and with this Court's Order thereafter.

21. Plaintiff's counsel hereby certifies that he has made a good faith effort to resolve this discovery dispute with Defense counsel as required by Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 26.1(f), however, such efforts have been unsuccessful.

    WHEREFORE, the Plaintiff respectfully requests this Honorable Court to grant her Motion, Order the Defendants to produce all four of the documents in question, and pay for the counsel fees and costs incurred in preparing this motion and Plaintiff's original motion to compel.

Date: September 25, 2002  
                                        JOSEPH A. HIRSCH, ESQ.  
                                        Attorney for Plaintiff

**Joseph A. Hirsch, Esq.**
**Atty. Id. No. 66640**
**HIRSCH & HIRSCH**
**110 Bala Avenue**
**Third Floor**
**Bala Cynwyd, Pennsylvania 19004**
**Telephone (610) 660-9955**              **Attorney for Plaintiff**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE E. SWEIGARD** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | **02-2755** |
| **V.** | : | |
| | : | |
| **CHOICE SERVICES INTERNATIONAL,** | : | |
| **INC., ET AL** | : | |
| **Defendants** | : | |

### Certificate of Service

    I, Joseph A. Hirsch, Esq., hereby certify that on this date, I served a true and correct copy of the Plaintiff's Second Motion to Compel Production of Documents and for Attorneys Fees and Costs, and Plaintiff's Memo of Law in support thereof upon Peter D. Bludman, Esq., counsel for Defendants, at Margolis Edelstein, The Curtis Center, 4th Floor, Independence Square West, Philadelphia, PA 19106-3304, via first class mail, postage prepaid.


Date: _____           _____
                                JOSEPH A. HIRSCH, ESQUIRE

**Joseph A. Hirsch, Esq.**
**Atty. Id. No. 66640**
**HIRSCH & HIRSCH**
**110 Bala Avenue**
**Third Floor**
**Bala Cynwyd, Pennsylvania 19004**
**Telephone (610) 660-9955**                    **Attorney for Plaintiff**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURIE E. SWEIGARD** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | **02-2755** |
| **V.** | : | |
| | : | |
| **CHOICE SERVICES INTERNATIONAL,** | : | |
| **INC., ET AL** | : | |
| **Defendants** | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of the Plaintiff's Motion to Compel Production of Documents and for Attorneys Fees and Costs, it is hereby ORDERED that the Plaintiff's motion is GRANTED.

Within _____ days after the date of this Order, the Defendants shall produce the following four (4) documents identified pursuant to Rule 26(b)(5):

        9/29/00   - 10/3/00 notes of J. Haley

        10/10/00  - Eberwein Memo to Haag

        10/12/00  - Haag memo to Eberwein

        10/27/00  - Haag notes"

It is hereby FURTHER ORDERED that Defendant shall pay to Plaintiff attorneys fees and costs in the amount of $_____

incurred in preparing and prosecuting this Motion and Plaintiff's first Motion to Compel.

BY THE COURT

_____, J.

**Joseph A. Hirsch, Esq.**
**Atty. Id. No. 66640**
**HIRSCH & HIRSCH**
**110 Bala Avenue**
**Third Floor**
**Bala Cynwyd, Pennsylvania 19004**
**Telephone (610) 660-9955**                **Attorney for Plaintiff**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE E. SWEIGARD** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | **02-2755** |
| **V.** | : | |
| | : | |
| **CHOICE SERVICES INTERNATIONAL, INC., ET AL** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
AND FOR ATTORNEYS FEES AND COSTS**

I.   **FACTUAL AND PROCEDURAL HISTORY**

The Plaintiff, Laurie E. Sweigard, was formerly employed by Defendants as Quality Assurance Manager.[1]

During the course of her employment with Defendants, the Plaintiff became aware of racially discriminatory practices in the hiring, promotion and compensation of Defendants' African American employees. On or about May 18, 2000, Defendants announced the promotion of four (4) African American employees to

---

[1] Defendant also sometimes referred to this position as Quality Assurance Specialist or Program Analyst.

positions for which they did not possess the objective qualifications, and the job openings were not posted internally in accordance with company policy and practice.

Plaintiff attempted to address her concerns over the promotions with management, including, inter alia, Regional Director James Haley, Human Resources Director Janet Haag, and CEO Carolyn Eberwein on a series of occasions between September 26, 2000 and October 13, 2000.  As a result, she was repeatedly and severely reprimanded by Eberwein.

On October 4, 2000, when Plaintiff had addressed her concerns directly to Human Resources Director Janet Haag, she was informed that the promotions were based on the "ethnicity" of the employees, and labeled the promotions "affirmative action."  Haag further advised Plaintiff that there had been discussions of increasing Ms. Sweigard's job responsibilities and promoting her, but that now this possibility was being called into doubt because of her questioning of the aforesaid promotions.

CEO Carolyn Eberwein had inflicted the harshest reprimands when she learned that Plaintiff had discussed her concerns over the race based promotions with management and contacted the PHRC.

Ultimately, on October 16, 2000, Defendants fired Plaintiff for allegedly discussing personal issues during work hours.

On or about October 20, 2000, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission.

On May 8, 2002, Plaintiff commenced this action alleging

race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended)(42 U.S.C. § 2000e, et seq.)("Title VII"), Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981)("Section 1981") and the Pennsylvania Human Relations Act ("PHRA").

II. **ARGUMENT**

    A. <u>Defendants Have Violated this Court's Order or have Otherwise Waived any Work Product Privilege</u>.

This Court's Order dated September 10, 2002 required the Defendants to produce all documents responsive to Plaintiff's requests within ten (10) days.  Not to withhold documents or to raise objections.  Defendants Response to Plaintiff's Request for Production of Documents raised no objections to the pertinent requests, and failed to disclose that they were withholding four documents as required pursuant to Rule 26(b)(5).  This was in violation of this Court's Order, and also violated the requirements of Rule 26(b)(5), which sets forth the procedure for claiming the work product privilege.  The Defendants waived any alleged privilege by failing to serve timely responses to Plaintiff's Request for Production, necessitating Plaintiff's first Motion to Compel.  The Defendants further waived any alleged privilege by failing to object or otherwise claim the privilege when they finally did serve responses.  Accordingly, the Plaintiff's present Motion should be granted, and the

Defendants should be required to produce the improperly withheld documents.

Defendants did not disclose that they were withholding documents until Plaintiff's counsel notified by letter dated September 17, 2002 that one of the subject documents had not been produced. (Exhibit B).  It was not until September 20, 2002, when Defendants had been caught, that they attempted belated compliance with Rule 26(b)(5) by disclosing the fact that they were withholding four documents as trial preparation materials under Rule 26(b)(3).

The procedure for asserting a claim of Work Product privilege set forth in Rule 26(b)(5) is as follows:

> "**(5) Claims of Privilege or Protection of Trial Preparation Materials**. When a party withholds information otherwise discoverable under these rules by claiming it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly, and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Even if it were assumed that the Defendants had the right to object after the Court entered its September 10th Order, the Defendants' assertion of the privilege was untimely.  Rule 26(b)(5) requires that the disclosure of the fact that the documents are being withheld must be made "[w]hen a party withholds" the documents.  The Defendants surreptitious withholding of the documents in violation of the Rule should not

be rewarded merely because they made disclosure after they had been caught.

Defendants have also failed to comply with Rule 26(b)(5) by failing to "describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5).  It is not sufficient to merely allege that a memorandum was prepared in anticipation of litigation, as Defendants have done. *See* Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138-39 (3d Cir. 2000)(work product protection not established by allegation that memo prepared in anticipation of litigation).  Initially, the party resisting the production of documents bears the burden of establishing that the privilege applies. *See* Id;  George v. Wausau Ins. Co., 2000 U.S. Dist. Lexis 16813, *4 (E.D.PA November 21, 2000)(Party invoking attorney client privilege has burden of proving that privilege was properly invoked).

Accordingly, any alleged privilege has been waived.

B.  Even If the Objection to Production of the Documents and Assertion of the Privilege Were Not Waived, the Materials Withheld are not Protected Under the Work Product Doctrine.

Even if the Work Product privilege has not been waived, the documents at issue are not within the intended scope of the Work

Product privilege.  In addition, Plaintiff has a substantial need for the documents.  Accordingly, the documents are discoverable.

The Work Product privilege is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure.  Rule 26(b)(3) provides in relevant part as follows:

> "**(3) Trial Preparation: Materials.** . . . a party may only obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney . . .) Only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

The Work Product privilege provides broad protection to the mental impressions, conclusions and legal theories of attorneys, prepared in anticipation of litigation. Fed.R.Civ.P. 26(b)(3). The Work Product privilege provides qualified protection to materials, such as notes of witness interviews, prepared in anticipation of litigation in that they may only be obtained on a showing of substantial need, and inability to obtain the substantial equivalent without undue hardship. Fed.R.Civ.P. 26(b)(3).

Materials prepared in the ordinary course of business or for other non-litigation purposes are not subject to the protection

of Rule 26(b)(3). <u>Goosman v. A. Duie Pyle, Inc.</u>, 320 F.2d 45 (4th Cir. 1963).

In order to qualify for the protection of the work product doctrine, materials must be prepared in anticipation of imminent litigation. In the present case, as discussed above, the Defendants have failed to offer a sufficient description of the documents in question, however, the dates of three of the four documents reveal that they predated Plaintiff's October 16, 2002 termination and predated the final act of alleged misconduct/insubordination (October 13, 2000) that immediately preceded her termination. The mere timing of these three documents diminishes the persuasiveness of Defendants' bald claim that they were prepared in anticipation of litigation. The same reasoning applies to the fourth document, dated 10/27/00, because it predates the filing of Plaintiff's Complaint with the Pennsylvania Human Relations Commission and the E.E.O.C.

Also, the document described by Defendants as "10/10/00 - Eberwein Memo to Haag" was referenced in a memo previously produced by Defendants (Exhibit D), and said memo (Exhibit D) describes the withheld document as a memo "re: Laurie Sweigard's allegations." Although the contents of this October 10th memo are unknown, the description contained in Exhibit D strongly suggests its relevance to the claims herein.

Since there is no suggestion that any of these documents were prepared for or at the direction of counsel, the mere

allegation, under these circumstances, that they were prepared in anticipation of litigation is insufficient to justify a finding that the work product privilege applies. In the alternative, if the privilege has not been waived, Plaintiff submits that in camera review would be appropriate to evaluate the claim that these documents are trial preparation materials.

Finally, if the Work Product privilege applies, Plaintiff should still be entitled to the documents because she has a substantial need for them. Plaintiff anticipates that the documents in question will provide evidence of Defendants true motivation for Plaintiff's termination, Defendants' knowledge of the civil rights laws, Defendants' knowledge concerning the Plaintiff's opposition to unlawful discrimination, and pretext, and Plaintiff is unlikely to have any other reliable source for such information.

Consequently, the Defendants should be compelled to produce the documents in question.

### III. **CONCLUSION**.

For the foregoing reasons, Plaintiff's Motion should be granted.

Respectfully submitted,

Date: _____    _____
                                JOSEPH A. HIRSCH, ESQUIRE