Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
110 Bala Avenue
Third Floor
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 660-9955                    Attorney for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURIE E. SWEIGARD                  :
            Plaintiff              :        CIVIL ACTION NO.
                                   :        02-2755
    V.                             :
                                   :
CHOICE SERVICES INTERNATIONAL,     :
INC., ET AL                        :
            Defendants             :


PLAINTIFF'S THIRD MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
AND ANSWERS TO INTERROGATORIES


1.    Plaintiff's First Request for Production of Documents and
      First Interrogatories were served on the Defendants via
      first class mail on June 20, 2002.

2.    On September 6, 2002, Plaintiff filed a Motion to Compel
      Answers to Interrogatories and Production of Documents.

3.    On September 9, 2002, Plaintiff received Defendants'
      objections and partial responses to her interrogatories and
      document requests.

4.    On September 10, 2002, this Court entered an Order
      compelling the Defendants to serve full and complete answers

1

to Plaintiff's interrogatories and to produce all documents
responsive to Plaintiff's requests within ten (10) days.

5.    The Defendants have failed to fully comply with this Court's
Order dated September 10, 2002.

6.    The following is a list of the pertinent interrogatories
served June 20, 2002, and Defendants' responses thereto:

> "8.    For each of your employees during the years
> 1999 and 2000, between the levels of Project
> Supervisor and Regional Director (inclusive)
> please list such employee's race, salary/rate
> of pay, benefits, years of employment with
> Defendant and any degrees held."
>
> Response:
>
> "See Allen-Yost List attached and please note
> that all information therein is strictly
> confidential"
>
> "16. State in complete factual detail the reasons
> for your termination of the employment of the
> Plaintiff, and identify each policy or
> directive allegedly violated by Plaintiff and
> the manner in which it was violated."
>
> Response:
>
> "See Defendant's response to Plaintiff's
> Request for Production of Documents"
>
> "17. Identify all of the job qualifications for
> the positions of Project Supervisor, Program
> Coordinator and Coordinator of Kinship
> Services in effect at any time during 2000,
> and attach any written policies or job
> descriptions setting forth the same."
>
> Response:
>
> "See Defendant's response to Plaintiff's
> Request for Production of Documents"

7.    Defendants made no objections to Plaintiff's specific

interrogatories, just general objections. A true and correct copy of the Defendants' Answers to Interrogatories is attached hereto as Exhibit A.

8.  To date, the Defendants have failed to provide Plaintiff with salary/rate of pay data as of the relevant time frame (spring-fall 2000), as requested in interrogatory 8.

9.  To date, Defendants have failed to provide a detailed description of the reasons for terminating Ms. Sweigard's employment as requested in interrogatory 16.

10. To date Defendants have failed to identify all of the job qualifications for the positions of Project Supervisor in effect prior to the revision of the Project Supervisor job description in October 2000, as requested in interrogatory 17.

11. The following is a list of the pertinent document requests served June 20, 2002, and Defendants' responses thereto:

> "1.  All documents requested to be identified in Plaintiff's First Interrogatories."
>
> Response:
>
> "All documents identified in Defendants' Answers to Plaintiff's Interrogatories are attached hereto."
>
> "2.  All documents identified in Defendant's initial disclosure statement."
>
> Response:
>
> "All documents identified in Defendants' initial disclosures are attached hereto, with the exception of the personnel files of

employees other than Plaintiff.  The
personnel files contain several thousand
pages of documents.  Plaintiff is welcomed to
review them at the office of Defense counsel.
Alternatively, Defendants will have all of
the documents copied at Plaintiff's expense
(25 cents per page)."

"3.  All documents upon which you will rely in
your defense of this matter.

Response:

"See 1-2 above."

"6.  All documents relating to the defendant's
investigation of the conduct of Plaintiff and
her termination in or about September through
October 2000."

Response:

"See Defendants' Answer to Plaintiff's PHRC
Complaint and the documents attached thereto,
together with the "data and documents" filed
by Defendants with the PHRC pursuant to 16
Pa. Code § 42.43."

"7.  All documents or records in the possession or
control of Defendant concerning any
investigations related to Plaintiff's
complaints about discrimination or
retaliation.

Response:

"See No. 6 above."

"9.  <u>Job Descriptions and Qualifications</u>.  All job
descriptions and documents describing job
qualifications for employment with Defendant
in effect in 1999 and 2000."

Response:

"Objection.  Overbroad."

"10. <u>Policies</u>.  All employment policies effective

4

in 2000 relating to the claims and defenses in this matter, including, without limitation, all policies concerning promotions, hiring, termination of employment, discipline, and posting of new job openings or job vacancies."

Response:

"See No. 6 above."

"11. Any and all documents that relate to the allegations of discrimination and retaliation made by Laurie E. Sweigard against Defendant.

Response:

"See No. 6 above."

12. When they served their responses to Plaintiff's First Request for Production of Documents, the Defendants raised no objections to the pertinent document requests (except as set forth in response to #9 above). A true and correct copy of the Defendants' Answers to Requests for Production of Documents is attached hereto as Exhibit B.

13. Plaintiff contends that the one objection (#9) was untimely and contrary to this Court's Order dated September 10, 2002. In any event, since the qualifications for promotions are a central issue in this case, the request is not overbroad.

14. In the deposition of Vivian Melvin, Defendants' Director of Human Resources, and a member of senior management, it was revealed that although the Defendants had failed to produce any job description for the position of Project Supervisor as requested in interrogatory 17, and claimed to be unable

to locate the same, Ms. Melvin believed she had a copy of the one that was missing from her personnel file. (Exhibit C, Deposition of Melvin, pp. 76-77).  To date the Defendants have not produced this document which is reasonably within its control, despite the fact that it is requested in Interrogatory 17 and Document Requests 9 and 10.

15.  In the depositions of James Haley and Lauren Leap, both former Regional Directors of Defendants, it was revealed that there exists (at least as of June 2002) a personnel policy manual containing, inter alia, position descriptions. To date this document has not been produced even though this document is requested in Document Requests 9 and 10. (The Depositions of Leap and Haley have not yet been transcribed).

16.  In the depositions of Carolyn Eberwein (Defendants' CEO), and Janet Haag (Defendants' Director of Human Resources), it was revealed that the Defendants had failed to search through the their files for, inter alia, supervision meeting notes between certain key witnesses (supervision meeting notes between Melvin and Haley, Haley and Eberwein, Eberwein and Haag, and Eberwein and Sweigard), and notes of Regional Director meetings, attended by the CEO. (Exhibit D, Deposition of Haag, pp. 81-82, 89-90; The deposition of Eberwein has not yet been transcribed).  These documents fall within Document Requests 6, 7 and 11.

17.  The regional Director meeting notes are potentially of great
     relevance to Plaintiff's reverse race discrimination claim
     because at least two of Defendants' former Regional
     Directors, Cynthia Metraux and Lauren Leap, testified that
     at one or more Regional Director's meetings, they discussed,
     inter alia, the company's need to promote and hire more
     African American employees. (Exhibit F, Deposition of
     Cynthia Metraux, pp. 41-42)(The testimony of Lauren Leap has
     not yet been transcribed).  To the best recollection of the
     undersigned, Regional Director Lauren Leap testified that,
     at least as of the time of her resignation in September
     2001, her notes of Regional Director meetings remained in a
     file in her former office as company property.  (The
     testimony of Lauren Leap has not yet been transcribed).

18.  In addition, an issue has arisen concerning the company's
     requests for waiver of an applicable county requirement that
     persons who supervise social workers or case workers dealing
     with children and youths have either masters degrees or
     approval/waivers from the applicable county agency.  The
     personnel files produced by Defendants were missing waiver
     request letters for Vickie Melvin, Johnny Allen, Genevie
     Brown, and the waivers obtained or in effect for Johnny
     Allen, Genevie Brown, Derrick Rose and Michelle Taylor-
     Bradley between 1998 and 2000 (or thereafter).  Although
     testimony has suggested that these waivers were obtained at

7

some point, the applicable documentation has never been produced. These documents are within the purview of Document Requests 9, 10 and 11, and should have been included in Defendants' initial disclosures.

19. Finally, Defendants have taken the position that although at the time of the promotions at issue herein all of Defendants' employees holding the specific title of Project Supervisor were African American, there had been two or three non-African American employees who held this title at some time in the past. (Exhibit C, Deposition of Melvin, p. 82; Exhibit F, Deposition of Jenkins, p. 17; Exhibit D, Deposition of Haag, pp. 87-89). Defendants have contended that there were additional non-African American employees who held substantially equivalent positions. Despite these defenses, the Defendants have neither identified nor produced the relevant personnel files.

20. By letters dated September 15, 2002, September 17, 2002, and October 4, 2002, Plaintiff's counsel specified interrogatories and document requests which had not been adequately answered. (Exhibits G, H and I).

21. On September 20, 2002, Defense counsel faxed a letter to Plaintiff's counsel (dated September 19, 2002) supplementing certain answers and committing to provide certain additional documents and information. (Exhibit J).

22. On October 7, 2002, Defense counsel faxed a letter in

8

response to Plaintiff's October 4, 2002 letter in which the
Defendants committed to voluntarily produce or make
available to Plaintiff all of the materials/information
requested . . . [in the October 4th letter] -- if they are
available and accessible.  To date, the above documents and
information have not been made available. (Exhibit K).

23. Plaintiff has patiently awaited answers to the
interrogatories and production of the documents set forth
above.

24. The documents requested and information requested is highly
relevant and potentially critical to proving her claim.

25. Plaintiff has filed this motion despite the assurance set
forth in Defense counsel's October 7th letter because of the
continued delay in Defendants' responses, and this Court's
Scheduling Order dated July 9, 2002 setting the deadline for
completion of discovery as October 21, 2002.

26. Plaintiff's Motion for an extension of the applicable
deadlines remains outstanding.

27. Plaintiff respectfully submits that this Motion was
necessitated by the Defendants' failure to comply with her
discovery requests in the first instance, and with this
Court's September 10, 2002 Order thereafter.

28. Plaintiff's counsel hereby certifies that he has made a good
faith effort to resolve this discovery dispute with Defense
counsel as required by Fed.R.Civ.P. 37(a)(2)(B) and Local

Rule 26.1(f), however, such efforts have been unsuccessful.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to grant her Motion, Order the Defendants to produce all four of the documents in question, and pay for the counsel fees and costs incurred in preparing this motion and Plaintiff's prior motions to compel.

Date: October 21, 2002                    _____
                                          JOSEPH A. HIRSCH, ESQ.
                                          Attorney for Plaintiff

10

Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
110 Bala Avenue
Third Floor
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 660-9955                    **Attorney for Plaintiff**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE E. SWEIGARD | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 02-2755 |
| V. | : | |
| | : | |
| CHOICE SERVICES INTERNATIONAL, | : | |
| INC., ET AL | : | |
| Defendants | : | |

### Certificate of Service

     I, Joseph A. Hirsch, Esq., hereby certify that on this date, I served a true and correct copy of the Plaintiff's Third Motion to Compel Production of Documents and Answers to Interrogatories, and Plaintiff's Memo of Law in support thereof upon Peter D. Bludman, Esq., counsel for Defendants, at Margolis Edelstein, The Curtis Center, 4th Floor, Independence Square West, Philadelphia, PA 19106-3304, via first class mail, postage prepaid.


Date: _____                    _____
                                      JOSEPH A. HIRSCH, ESQUIRE

Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
110 Bala Avenue
Third Floor
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 660-9955              **Attorney for Plaintiff**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE E. SWEIGARD | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 02-2755 |
| V. | : | |
| | : | |
| CHOICE SERVICES INTERNATIONAL, | : | |
| INC., ET AL | : | |
| Defendants | : | |

### O R D E R

AND NOW, this _____ day of _____, 2002,
upon consideration of the Plaintiff's Third Motion to Compel
Production of Documents and Answers to Interrogatories, it is
hereby ORDERED that the Plaintiff's motion is GRANTED.

Within _____ days after the date of this Order, the
Defendants shall fully respond to the following Document Requests
and Interrogatories:

Interrogatories:   8, 16 and 17

Document Requests:   1, 2, 3, 6, 7, 9, 10, and 11

Defendants shall also produce the following documents:

1.   Defendants' Personnel/Employment Policy Manual,
including all job descriptions.

2.  The job description signed by Vivian Melvin for the position of Project Supervisor.

3.  The Supervision meeting notes between Melvin and Haley, Haley and Eberwein, Eberwein and Haag, Leap and Jenkins and Eberwein and Sweigard for all supervision meetings during 1999 and 2000 .

4.  All notes of Regional Director meetings occurring during 1999 and 2000.

5.  The waiver request letters for Vickie Melvin, Johnny Allen, Genevie Brown, and the letters granting waivers for Johnny Allen, Genevie Brown, Derrick Rose and Michelle Taylor-Bradley between 1998 and the present.

6.  The personnel files of all Project Supervisors or employees with substantially equivalent positions.

In the event that any or all of the responsive documents no longer exist, Defendants shall so certify.

It is hereby FURTHER ORDERED that Defendant shall pay to Plaintiff attorneys fees and costs in the amount of $_____ incurred in preparing and prosecuting this Motion and Plaintiff's

Motions to Compel.

BY THE COURT

_____
                                  , J.

Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
110 Bala Avenue
Third Floor
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 660-9955                    **Attorney for Plaintiff**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURIE E. SWEIGARD                :
    Plaintiff        :        CIVIL ACTION NO.
         :        02-2755
  V.                        :
         :
CHOICE SERVICES INTERNATIONAL,    :
INC., ET AL                        :
    Defendants       :


PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S THIRD MOTION TO COMPEL


I.  <u>FACTUAL AND PROCEDURAL HISTORY</u>

The Plaintiff, Laurie E. Sweigard, was formerly employed by Defendants as Quality Assurance Manager.[1]

During the course of her employment with Defendants, the Plaintiff became aware of racially discriminatory practices in the hiring, promotion and compensation of Defendants' African American employees.  On or about May 18, 2000, Defendants announced the promotion of four (4) African American employees to

---

[1] Defendant also sometimes referred to this position as Quality Assurance Specialist or Program Analyst.

1

positions for which they did not possess the objective
qualifications.  The job openings were not posted internally in
accordance with company practices.

Plaintiff attempted to address her concerns over the
promotions with management, including, inter alia, Regional
Director James Haley, Human Resources Director Janet Haag, and
CEO Carolyn Eberwein on a series of occasions between September
26, 2000 and October 13, 2000.  As a result, she was repeatedly
and severely reprimanded by Eberwein.

On October 4, 2000, when Plaintiff had addressed her
concerns directly to Human Resources Director Janet Haag, she was
informed that the promotions were based on the "ethnicity" of the
employees, and Haag labeled the promotions "affirmative action."
Haag further advised Plaintiff that there had been discussions of
increasing Ms. Sweigard's job responsibilities and promoting her,
but that now this possibility was being called into doubt because
of her questioning of the aforesaid promotions.

CEO Carolyn Eberwein had inflicted the harshest reprimands
when she learned that Plaintiff had discussed her concerns over
the race based promotions with management and contacted the PHRC.

Ultimately, on October 16, 2000, Defendants fired Plaintiff
for allegedly discussing personal issues during work hours.

On or about October 20, 2000, Plaintiff filed a complaint
with the Pennsylvania Human Relations Commission.

On May 8, 2002, Plaintiff commenced this action alleging

2

race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended)(42 U.S.C. § 2000e, et seq.)("Title VII"), Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981)("Section 1981") and the Pennsylvania Human Relations Act ("PHRA").

## II.  **ARGUMENT**

This Court's Order dated September 10, 2002 required the Defendants to produce all documents responsive to Plaintiff's requests and fully answer Plaintiff's interrogatories within ten (10) days.  Defendants have failed to do so.  Accordingly, the Defendants have failed to comply with this Court's Order, and Plaintiff's Third Motion should be granted.

The Defendants have waived any objections by failing to assert them in a timely fashion.  Under Rule 33(b)(4) of the Federal Rules of Civil Procedure, a party responding to interrogatories is required to state all grounds for objections with specificity.  Fed.R.Civ.P. 33(b)(4).  "Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." <u>Id</u>.  Rule 34(b) also requires timely and specific responses to Requests for Production of Documents.  Failure to timely respond may subject the party to an Order under Rule 37(a).

Thus, Defendant has waived any objections not specifically

3

and timely raised in its Answers to Interrogatories and Response
to Plaintiff's Request for Production.

In the alternative, Defendants' Objection to document
request 9 should be overruled as improper.  Plaintiff's
interrogatories and document requests seek information which is
relevant to, inter alia, the merits of Plaintiff's claim of race
discrimination and/or are designed to lead to the discovery of
admissible evidence concerning the same.  The Plaintiff's
discovery requests are thus proper under the Federal Rules of
Civil Procedure, and Plaintiff's Motion should be granted.

Under Rule 26(b) of the Federal Rules of Civil Procedure,
discovery may be obtained "regarding any matter, not privileged,
that is relevant to the claim or defense of any party. . . .
Relevant information need not be admissible at the trial if the
discovery appears reasonably calculated to lead to the discovery
of admissible evidence." Fed.R.Civ.P. 26(b)(1).  The United
States Supreme Court has held that the rules concerning discovery
"are to be accorded a broad and liberal treatment to effect their
purpose of adequately informing the litigants in civil trials."
Herbert v. Lando, 441 U.S. 153, 177 (1979).  Although Rule 26
limits discovery to information that is relevant or reasonably
calculated to lead to the discovery of admissible evidence,

> "'relevant' has been construed broadly to encompass any
> matter that bears on, or that reasonably could bear on
> any issue that is or may be in the case . . . .
> Consistently with the notice-pleading system

4

> established by the Rules, discovery is not limited to
> issues raised by the pleadings, for discovery itself is
> designed to help define and clarify the issues . . . .
> Nor is discovery limited to the merits of a case, for a
> variety of fact-oriented issues may arise during the
> litigation that are not related to the merits."

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

In this case, Plaintiff has alleged that the Defendant promoted employees who lacked the requisite objective qualifications on the basis of race. The Defendant contends that the employees were qualified and that the promotions were not based on race. Thus, the Defendants' employment policies, written (and unwritten) job qualifications, and the personnel files of the other employees in the relevant job classifications (comparators) are relevant to the issues in this case. Accordingly, the Plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence, and are proper under the federal Rules of Civil Procedure.

**III. <u>CONCLUSION</u>.**

For the foregoing reasons, Plaintiff's Motion should be granted.

Respectfully submitted,

5

Date:                              _____
                                   JOSEPH A. HIRSCH, ESQUIRE