Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
110 Bala Avenue
Third Floor
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 660-9955                    Attorney for Plaintiff

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE E. SWEIGARD | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 02-2755 |
|   V. | : | |
| | : | |
| CHOICE SERVICES INTERNATIONAL, | : | |
| INC., ET AL | : | |
|     Defendants | : | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S THIRD MOTION TO COMPEL**

Although the Defendants appear to be displeased that they have been faced with a Third Motion to Compel, the fact remains that Defendants have failed to produce many of the documents in question until after Plaintiff's motions are filed. In this regard, it is notable that the Defendants have produced additional documents with their Reply to this Motion.

The notes produced as Exhibit D to Defendants' Reply include what appear to be notes of meetings between Defendants' CEO, Carolyn Eberwein, and the Plaintiff on September 28 and 29, 2000 and October 10, 2000. All three of these meetings are

1

specifically referenced in the Complaint herein as part of the basis of Plaintiff's retaliation claim (See Complaint paragraphs 34-38 and 44-45). The documents produced as Exhibit F to Defendants' Reply contain information that is relevant to the issue of job qualifications of for the positions at issue in this case. The documents produced as Exhibit G to Defendants' Reply are summaries prepared by Defendants that purport to provide data on the racial breakdown of categories of employees at issue in this case (comparators). Although the Plaintiff has not yet obtained the personnel files for all of the comparators that allegedly support this summary, this information is directly related to Defendants' defenses against Plaintiff's claim of race discrimination.

Plaintiff was faced with the failure of Defendants to produce documents and the expiration of the discovery deadline, and had no choice but to seek this Court's intervention.

### INTERROGATORY 8

The Defendants claim to have properly answered interrogatory 8 requesting salary information by previously producing the document attached as Exhibit A to their Reply to Plaintiff's Motion. Exhibit A only sets forth salary data as of the date of promotion, not during the relevant time frame. In some cases, the information supplied is ten years old because that was the date of promotion. Notably, Defendants have now produced with

their Reply to this Motion (Exhibit G) more salary history that was previously not provided.

## INTERROGATORY 16

Defendants contend that they have properly answered interrogatory 16 requesting a detailed factual statement of the reasons for terminating Plaintiff's employment. The Defendants' answer directed Plaintiff to the documents they produced, which included the Defendants' answer before the PHRC. The Defendants further rely on the testimony of the witnesses produced for depositions. The problem is that neither gives a clear statement of the reasons for Plaintiff's termination - a critical fact in this case. The deposition testimony of the witnesses is not consistent. Furthermore, the PHRC Answer does not provide the factual detail requested. The Defendants' PHRC Answer states, in relevant part as follows:

> "Complainant was discharged for repeated disregard of explicit directives and warnings. Moreover, she frequently expressed a desire to be laid off shortly before she was terminated . . . ."

(PHRC Answer at paragraph 3(a)). This statement does not provide information about what explicit directives and warnings were disregarded, and when and how they were disregarded. In another part of their PHRC Answer, Defendants state as follows:

> "Complainant was terminated on October 16, 2000, for violating the written reprimand, continuing to interfere with other employees' work, ignoring repeated directives to cease doing so, and because she herself had indicated a number of times that she wanted to be

3

    laid off. . . ."

(PHRC Answer at paragraph 3(a)(21)).  These statements do not provide the factual detail about, inter alia, how the Plaintiff violated the written reprimand, how the Plaintiff allegedly continued to interfere with other employees work, with which employees she interfered, and when.  For these reasons, the Defendant has not properly answered interrogatory 16.  Plaintiff is entitled to a clear answer to this basic question, and Defendants are the only source of this information.

<u>INTERROGATORY 17</u>

  With regard to interrogatory 17, the Defendants have failed to produce the job description for "Project Supervisor" that was in effect immediately prior to October 2000 or to describe specifically what the qualifications were for that position at that time.  The qualifications for this position are highly relevant and important to the Plaintiff's case because of her contention that certain employees were promoted to positions (three of them to "Project Supervisor") for which they did not possess the objective qualifications.  After the promotions went into effect, the job description for "Project Supervisor" was changed, with a revision date of "October 2000."  Defendants are refusing to answer this interrogatory as to the relevant period (the promotions were announced May 2000 and went into effect in July 2000).  While Defendants attempt to rely on the deposition

testimony, in fact, the witnesses were not able to provide clear answers. (See Deposition of Haag, pp. 49 and 59-60).

Respectfully submitted,

Date: _____
JOSEPH A. HIRSCH, ESQUIRE

**Joseph A. Hirsch, Esq.**
**Atty. Id. No. 66640**
**HIRSCH & HIRSCH**
**110 Bala Avenue**
**Third Floor**
**Bala Cynwyd, Pennsylvania 19004**
**Telephone (610) 660-9955**                **Attorney for Plaintiff**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURIE E. SWEIGARD** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | **02-2755** |
| **V.** | : | |
| | : | |
| **CHOICE SERVICES INTERNATIONAL,** | : | |
| **INC., ET AL** | : | |
| **Defendants** | : | |

## Certificate of Service

    I, Joseph A. Hirsch, Esq., hereby certify that on this date, I served a true and correct copy of the Plaintiff's Reply Memo to Defendants' Response to Plaintiff's Third Motion to Compel upon Peter D. Bludman, Esq., counsel for Defendants, at Margolis Edelstein, The Curtis Center, 4th Floor, Independence Square West, Philadelphia, PA 19106-3304, via first class mail, postage prepaid.


Date: _____    _____
                                        JOSEPH A. HIRSCH, ESQUIRE